# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

SHIRLEY DIONE WEBSTER and
DWAYNE MARVIN GARRETT,

      Plaintiffs,

v.

UNITED STATES OF AMERICA,
WILLIAM BARR, JIM FELTE,
BARBARA LYNN, IRMA CARRILLO
RAMIREZ, RICK ESSER, WASHINGTON
COUNTY, JIM WALTON, SONYA
WEBSTER, MICHAEL GANN, JAMES
VACLAW, BRIAN GORDON, and
CARLOTTA GORDON a/k/a CARLOTTA
LOWE,

      Defendants.

Case No. 19-CV-595-GKF-FHM

## OPINION AND ORDER

Before the court is the Motion to Dismiss [Doc. 4] of defendants United States of America, William Barr, Barbara Lynn, Jim Felte, Irma Carrillo Ramirez, and Michael Gann (collectively, the "Federal Defendants"). For the reasons set forth below, the motion is granted.

## I. Procedural History

On October 23, 2019, Shirley Dione Webster and Dwayne Marvin Garrett, proceeding *pro se*, filed this action in state court against the United States of America, William Barr, Jim Felte, Barbara Lynn, Irma Carrillo Ramirez, Rick Esser, Washington County, Jim Walton, Sonya Webster, Michael Gann,[1] James Vaclaw, Brian Gordon, and Carlotta Gordon. [*See* Doc. 2, p. 11]. Plaintiffs allege the defendants committed a variety of criminal offenses, including fraud, attempted murder, and obstruction of justice related to previously decided lawsuits. Plaintiffs seek "[t]hat justice

---

[1] The court takes judicial notice that the correct spelling of this defendant's last name is "Gans." Mr. Gans is the Clerk of Court for the United States Court of Appeals for the Eighth Circuit. [Doc. 4, p. 4 n.4].

under the color of law be served . . ., along with the existing bank fraud that we are filing in which we are asking 42 million dollars in damages under the Criminal Reform Act." [Doc. 2, p. 14].

The Federal Defendants removed the case to this court pursuant to 28 U.S.C. § 1442 on November 6, 2019. [Doc. 2]. The same day, the Federal Defendants filed their motion to dismiss arguing (1) "Plaintiffs have not complied with the filing restrictions previously imposed against each of them," (2) the action is barred by sovereign and absolute judicial immunity, and (3) plaintiffs have failed to state a claim on which relief can be granted. [Doc. 4]. Plaintiffs filed three objections to the motion, arguing the filing restrictions are unconstitutional [Doc. 5] and defendants Barbara Lynn and Irma Carrillo Ramirez are guilty of criminal activity [Docs. 6, 7].

## II. Background

Plaintiffs' history of filing actions in this and other courts is well-documented. As the United States District Court for the Western District of Arkansas has explained:

> Ms. Webster and Mr. Garrett were involved in a property dispute in Oklahoma in 2006, stemming from Mr. Garrett's divorce from his ex-wife, Carlotta Gordon. The dispute was resolved in Oklahoma state court and later affirmed on appeal. *See Carlotta Colene Garrett n/k/a Carlotta Gordon v. Dwayne Marvin Garrett,* No. 103,841, slip op. at 5 (Okla. Civ. App. May 23, 2008). The property in question was partitioned and sold at a sheriff's sale to Lotus Investment Fund, Inc., LLC ("Lotus"). It appears Ms. Webster and Mr. Garrett were not satisfied with the trial court's decision regarding the property and filed a petition to quiet title in the District Court of Washington County, Oklahoma. That court also ruled against them, *see* Case No. 5:18-CV-5163, Doc. 10-2, and they appealed to the Oklahoma Court of Civil Appeals, where they lost once again. *Id.* They took their case to the Oklahoma Supreme Court, and the Court not only affirmed the lower court's decision, but also imposed sanctions on Ms. Webster and Mr. Garrett for bringing a frivolous appeal. *Id.* at Doc. 10-3.
>
> Undeterred, Ms. Webster and Mr. Garrett decided to "mount a collateral federal attack on [the] state court divorce decree" by suing Lotus in the United States District Court for the Northern District of Oklahoma. *Garrett v. Lotus Inv. Funds, Inc., LLC,*

> 2017 WL 6342291, at *2 (N.D. Okla. Oct. 4, 2017). The Honorable Gregory K. Frizzell dismissed the case due to lack of federal subject matter jurisdiction. *Id.* at *3. Ms. Webster and Mr. Garrett then appealed Judge Frizzell's decision to the Court of Appeals for the Tenth Circuit, and the lower court's decision was summarily affirmed. *See Garrett v. Lotus Inv. Funds, Inc.,* LLC, 713 Fed. App'x 792 (10th Cir. 2018).
>
> It appears that at some point, Ms. Webster and Mr. Garrett decided that since Oklahoma no longer welcomed their lawsuits, they needed to find another place to sue. So they turned their attention to this Court in Arkansas. The first lawsuit Ms. Webster filed here was Case No. 5:18-CV-5068. In that case, she sued the Clerk of Court for the Tenth Circuit, two Tenth Circuit judges, and two district court judges from the Northern District of Oklahoma-one of whom was Judge Frizzell, the very judge who had handed her an unfavorable ruling in another related federal lawsuit.

*Garrett v. Okla.,* No. 5:18-cv-5186, 2018 WL 10321872, at *1 (W.D. Ark. Oct. 10, 2018) (footnote omitted). However, before the Western District of Arkansas could issue its order of dismissal, plaintiffs filed four additional lawsuits in that court. *Id.* The Court ultimately dismissed the cases for lack of personal jurisdiction in a single omnibus order. *Id.* at *2. The court noted the plaintiffs' "vexatious and improper filing of these lawsuits has wasted the Court's valuable time and resources and has imposed significant burdens upon the defendants, the vast majority of whom are federal and state court judges, attorneys employed by state or federal governments, and government officials who are wholly immune from suit." *Id.* Plaintiffs appealed to the Court of Appeals for the Eighth Circuit, and the Western District of Arkansas's decision was summarily affirmed. *Garrett v. Lowe*, No. 18-3404 (8th Cir. June 24, 2019). Plaintiffs next filed suit in the United States District Court for the Eastern District of Texas. The Eastern District of Texas ultimately dismissed the cases with prejudice and imposed filing restrictions on plaintiffs. *Garrett v. United States of America*, No. 6:19-cv-00196-JDK-JDL, ECF No. 7 (E.D. Tex. June 17, 2019). Plaintiffs then filed suit in the Northern District of Texas, which was ultimately dismissed and sanctions were again imposed. *Garrett v. United States of*

3

*America*, No. 3:19-cv-1310-M-BH, ECF Nos. 29, 31 (N.D. Tex.). Still undeterred, plaintiffs filed this lawsuit based on related claims against many of the same defendants in Oklahoma state court.

### III. Sovereign Immunity

The Federal Defendants argue that plaintiffs fail to allege any legal basis for the United States' waiver of sovereign immunity and consent to be sued. "It is axiomatic that the United States may not be sued without its consent and that the existence of consent is a prerequisite for jurisdiction." *United States v. Mitchell*, 463 U.S. 206, 212 (1983). Plaintiffs cite to a single federal statute in their Petition—the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1961 *et seq.* ("RICO"). However, the United States has not waived sovereign immunity for claims brought under RICO. *See Klayman v. Obama*, 125 F. Supp. 3d 67, 79 (D.D.C. 2015) (collecting cases). Because there has been no waiver, the court lacks subject matter jurisdiction over plaintiffs' RICO claims to the extent they are asserted against the United States and individual Federal Defendants in their official capacities.

### IV. Absolute Judicial Immunity

Plaintiffs name the Honorable Barbara Lynn, Chief Judge of the United States District Court for the Northern District of Texas; Irma Carrillo Ramirez, Magistrate Judge of the United States District Court for the Northern District of Texas; and Michael Gans as defendants here. From the face of the Petition, all allegations against these defendants concern the performance of their official duties as members of the judiciary and as Clerk of the Court, respectively.

The doctrine of absolute judicial immunity shields judges from liability for their "official adjudicative acts." *Lundahl v. Zimmer*, 296 F.3d 936, 939 (10th Cir. 2002). There are only two exceptions to the doctrine: "(1) when the act is not taken in the judge's judicial capacity, and (2)

when the act, though judicial in nature, is taken in the complete absence of all jurisdiction." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1195 (10th Cir. 2008) (alterations and citation omitted). Neither of the exceptions apply here. Plaintiffs name Judges Lynn and Carrillo Ramirez for working "to obstruct justice in Case # 3-19-CV-1310M" wherein Magistrate Judge Carrillo Ramirez recommended, and Judge Lynn accepted, a dismissal and sanctions against plaintiffs. *See Garrett v. United States of America*, No. 3:19-cv-1310-M-BH, ECF Nos. 29, 31 (N.D. Tex.). Judges Lynn and Carrillo Ramirez are immune for these acts. *See Forrester v. White*, 484 U.S. 219, 225 (1988) (Judicial immunity has long insulated "judges from vexatious actions prosecuted by disgruntled litigants.").

As for defendant Gans, the allegations against him involve his office filing the orders of the judges of the Eighth Circuit Court of Appeals. Those performing ministerial acts at the direction of judges are also entitled to absolute immunity. *Whitesel v. Sengenberger*, 222 F.3d 861, 869 (10th Cir. 2000). Plaintiffs allege Gans held up the Eighth Circuit's mandate, kept Mr. Garrett from opposing judgment in Case # 18-3404, and violated protocol and his oath of office. [Doc. 2, pp. 12-13, ¶¶ 4-8]. The plaintiffs also allege Gans used a "shock treatment to commit murder knowing that Dwayne Garrett had a pacemaker." [*Id.*, p. 13, ¶ 7]. However, even construing the allegations most liberally and taking them in the light most favorable to the plaintiffs, it appears the alleged "shock" came from Gans's case-related activities rather than physical harm imposed on Mr. Garrett. Gans is entitled to absolute judicial immunity here.

## V. Rule 12(b)(6) Dismissal

### A. Federal Defendants

Federal Rule of Civil Procedure 8 requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true,

5

to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. The court accepts as true all factual allegations, but the tenet is inapplicable to legal conclusions. *Iqbal*, 556 U.S. at 678. Further, "[a] document filed *pro se* is to be liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted).

Plaintiffs make the following factual allegations with respect to the remaining federal defendants, Attorney General William Barr and Jim Felte, Acting Chief of the Criminal Section of the Civil Rights Division of the U.S. Department of Justice. Plaintiffs allege Jim Felte "filed no charges" after plaintiffs reported "fraud and extortion [that occurred] on September 10, 2019." [Doc. 2, p. 13, ¶ 8]. Plaintiffs further allege defendants William Barr and Jim Felte "were aware of the crimes that were committed, which existed in judgment rendered" in previously decided cases. [*Id.*, ¶ 9]. Defendants Barr and Felte responded to plaintiffs' reports on May 15, 2019 "stating they knew of no Federal law that had been broken by Mr. Felte as a part of the Department of Justice. This shows the corruption and the cover up of over 58 million dollars." [*Id.*, p. 14, ¶ 10].

Plaintiffs' allegations are insufficient to state any plausible claim for relief. Although the court must construe plaintiffs' *pro se* pleading liberally, it is not this court's job to "stitch together cognizable claims for relief" from plaintiff's pleading. *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). Nor may the court "take on the responsibility of serving as the [plaintiff's] attorney in constructing arguments and searching the record." *Garrett v. Selby Connor Maddux &*

*Janer*, 425 F.3d 836, 840 (10th Cir. 2005). Plaintiffs, it seems, believe defendants are guilty of criminal violations. However, generally, criminal statutes do not create a private case of action. *See Kaw Nation v. Springer*, 341 F.3d 1186, 1191 (10th Cir. 2003). Plaintiffs have failed to identify any private right of action that would support their claims. Accordingly, the court concludes that plaintiffs' Petition fails to state any claim against defendants William Barr and Jim Felte.

B. *Sua Sponte Dismissal as to Non-Federal Defendants*

A district court has the authority to *sua sponte* dismiss a claim under Rule 12(b)(6) if it is "patently obvious that the plaintiff could not prevail on the facts alleged." *Andrews v. Heaton*, 483 F.3d 1070, 1074 n. 2 (10th Cir. 2007).

Here, plaintiffs fail to make any non-conclusory allegation regarding the non-federal defendants. Plaintiffs allege Rick Esser, Carlotta Gordon, Washington County, James Vaclaw, Brian Gordon, Sonya Webster, and Jim Walton d/b/a Arvest Bank "committed fraud and extortion against Shirley Webster by seizing $48,889.85 on a felonious judgment." [Doc. 2, p. 12, ¶ 1]. Further, they allege "Washington County, Rick Esser, and James Vaclaw committed the ultimate crime against Shirley Webster of Civil Rico 18 U.S.C. § 1961-1968," [*Id.*, ¶ 2], and that "Washington County committed fraud." [*Id.*, ¶ 3]. Finally, they allege Rick Esser, Washington County, Carlotta Lowe, and Brian Gordon "committed obstruction of justice." [*Id.*, ¶ 4]. Disregarding these legal conclusions, the Petition lacks any factual allegation against the remaining defendants. It is "patently obvious" plaintiffs cannot prevail on the facts alleged.[2]

---

[2] Even to the extent plaintiffs allege any facts against the non-federal defendants, they have failed to state a claim. Plaintiffs cite a single federal statute in their Petition, RICO. Persons injured in their business or property may bring suit under RICO when they allege defendants (1) participated in the conduct (2) of an enterprise (3) through a pattern (4) of racketeering activity. *Tal v. Hogan*, 453 F.3d 1244, 1269 (10th Cir. 2006). Construed liberally, the Petition does not allege a pattern of racketeering activity. Plaintiffs have failed to state a claim under RICO.

7

Plaintiffs' Petition includes a rambling litany of allegations that cannot be construed as "a short and plain statement of [plaintiffs'] claim showing that the pleader is entitled to relief." Accordingly, the Petition fails to comply with Federal Rule of Civil Procedure 8 and the claims against the non-federal defendants are therefore dismissed.

## VI. Conclusion

WHEREFORE, the Federal Defendant's Motion to Dismiss [Doc. 4] is GRANTED as to defendants United States of America, William Barr, Barbara Lynn, Jim Felte, Irma Carrillo Ramirez, and Michael Gans.

FURTHERMORE, the plaintiffs' Petition is DISMISSED *sua sponte* as to all other defendants.

IT IS SO ORDERED this 4th day of February, 2020.

GREGORY K. FRIZZELL
UNITED STATES DISTRICT JUDGE